Martin, P. J.
(dissenting in part). The plaintiffs, stockholders in a corporation which, according to the amended complaint, has principal factories and mills in seven different localities and conducts certain of its activities through subsidiary companies, complain- of the management of a bonus plan.
In the eighth cause of action it is charged that the total compensation in the form of fixed salary payments and bonuses received by the individual defendants were and are unreasonable, exorbitant and excessive and so unreasonably and unconscionably large as to constitute spoliation and waste of assets. It will be noted that it is the combined salary and bonus that is complained of. No attempt is made to show what part is salary and what part is bonus. In the Seventy-eighth paragraph it is alleged that certain of the principal executives of the company have received combined salaries and bonuses in excess of $100,000 each. Again, there is no separation of salary and bonus. It is the combination that is complained of, .the number of executives receiving such compensation 'is not indicated and, of course, one dollar more than $100,000 would meet the allegation “ in excess of.”
According to the "allegations of the Seventy-sixth paragraph of the amended complaint, the income of the corporation for 1941 was more than $5,000,000. The bonuses set aside amounted to $759,857.02.
Parenthetically, we note that in the second cause of action it is charged that in 1941 about $311,000 was paid to non-officer directors and counsel to the company who were not eligible to participate in the bonus. Thus, in 1941 there was available for distribution to officers and employees of the .corporation as bonus about $450,000 or less than 10% of the income of the corporation. This analysis, we think, demonstrates that there is no basis for the conclusion that the amounts paid are so large as in substance and effect to amount to spoliation or waste of .corporate property within the rule of Rogers v. Hill (289 U. S. 582).
*26 Insofar as the order appealed from, entered on the 6th day of September, 1945, denies the motion to dismiss the eighth cause of action, it should be reversed.
Cohn, Peck and Van Voorhis, JJ., concur with Callahan, J.; Martin, P. J., dissents in part in opinion.
Ordered entered September 6, 1945, so far as appealed .from affirmed, without costs. Order entered September 5,1945, so far as appealed from, unanimously affirmed, without costs. Settle orders on notice, [See post, p. 803.]